**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| BRUCE SHERMAN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| DELPHI TECHNOLOGIES PLC, TIMOTHY M. MANGANELLO, RICHARD F. DAUCH, ROBIN J. ADAMS, JOSEPH S. CANTIE, NELDA J. CONNORS, GARY L. COWGER, DAVID S. HAFFNER, HELMUT LEUBE, HARI N. NAIR, MARYANN WRIGHT, and BORGWARNER INC., | ) CLASS ACTION ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on January 28, 2020 (the "Proposed Transaction"), pursuant to which Delphi Technologies PLC ("Delphi" or the "Company") will be acquired by BorgWarner Inc. ("BorgWarner"), a Delaware corporation.

2. On January 28, 2020, Delphi's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with BorgWarner. Pursuant to the terms of the Merger Agreement, Delphi's stockholders will receive 0.4534 shares of BorgWarner common stock for each share of Delphi common stock they own.

3. On March 11, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Delphi common stock.

9. Defendant Delphi is a public limited company incorporated under the laws of the Bailiwick of Jersey and a party to the Merger Agreement.  Delphi's common stock is traded on the New York Stock Exchange under the ticker symbol "DLPH."

10. Defendant Timothy M. Manganello ("Manganello") is Chairman of the Board of the Company. Manganello has also served as Chief Executive Officer, Executive Chairman, President, Chief Operating Officer, and a director of BorgWarner.

11. Defendant Richard F. Dauch is Chief Executive Officer and a director of the Company.

12. Defendant Robin J. Adam ("Adams") is a director of the Company. Adams has also served as Vice Chairman, Chief Financial Officer, Chief Administrative Officer, and a director of BorgWarner.

13. Defendant Joseph S. Cantie is a director of the Company.

14. Defendant Nelda J. Connors is a director of the Company.

15. Defendant Gary L. Cowger is a director of the Company.

16. Defendant David S. Haffner is a director of the Company.

17. Defendant Helmut Luebe is a director of the Company.

18. Defendant Hari N. Nair is a director of the Company.

19. Defendant MaryAnn Wright is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant BorgWarner is a Delaware corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Delphi (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of January 24, 2020, there were approximately 86,071,640 shares of Delphi common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## **SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

29.     Delphi is a global provider of propulsion technologies.

30.     The Company offers pioneering solutions for internal combustion engine, hybrid, and electric passenger cars and commercial vehicles.

31.     The Company builds on its original equipment expertise to provide leading service solutions for the aftermarket.

32.     On January 28, 2020, Delphi's Board caused the Company to enter into the Merger Agreement.

33.     Pursuant to the terms of the Merger Agreement, Delphi's stockholders will receive 0.4534 shares of BorgWarner common stock for each share of Delphi common stock they own.

34.     According to the press release announcing the Proposed Transaction:

BorgWarner Inc. (NYSE: BWA) and Delphi Technologies PLC (NYSE: DLPH) today announced that they have entered into a definitive transaction agreement under which BorgWarner will acquire Delphi Technologies in an all-stock transaction that values Delphi Technologies' enterprise value at approximately $3.3 billion. . . .

Under the terms of the agreement, which has been approved by the boards of directors of both companies, Delphi Technologies stockholders would receive a fixed exchange ratio of 0.4534 shares of BorgWarner common stock per Delphi Technologies share. Upon closing of the transaction, current BorgWarner stockholders are expected to own approximately 84% of the combined company, while current Delphi Technologies stockholders are expected to own approximately 16%. . . .

Timing and Approvals

The BorgWarner/Delphi Technologies transaction is expected to close in the second half of 2020, subject to approval by Delphi Technologies' stockholders, the satisfaction of customary closing conditions and receipt of regulatory approvals.

Management and Headquarters

Following the closing of the transaction, the combined company will be led by Frédéric Lissalde, BorgWarner's President and CEO, and Kevin Nowlan, BorgWarner's CFO, and will operate as BorgWarner. The combined company will be headquartered in Auburn Hills, Michigan. . . .

Advisors

BofA Securities, Inc. and Rockefeller Financial LLC acted as financial advisors to BorgWarner and Simpson Thacher & Bartlett LLP acted as its legal advisor. Goldman Sachs International acted as financial advisor to Delphi Technologies and Kirkland & Ellis LLP acted as its legal advisor.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

35.  Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

36.  As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

37.  First, the Proxy Statement omits material information regarding the Company's, BorgWarner's, and the combined company's financial projections.

38.  With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate (a) Adjusted Operating Income, (b) EBITDA, (c) Adjusted EBITDA, and (d) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

39.  The Proxy Statement fails to disclose BorgWarner's financial projections.

40.  The Proxy Statement also fails to disclose the combined company's financial projections.

41.  The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

42. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Goldman Sachs International ("Goldman").

43. With respect to Goldman's Illustrative Discounted Cash Flow Analysis of Delphi, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the individual inputs and assumptions underlying the discount rates ranging from 8.00% to 9.00%; (iii) the terminal values for Delphi; (iv) Goldman's basis for applying an illustrative terminal value to EBITDA multiple range of 4.0x to 5.5x; (v) the net debt, book value of minority interests, post-tax unfunded pension liabilities, and investments in affiliates for Delphi; and (vi) the number of fully diluted outstanding Company shares.

44. With respect to Goldman's Illustrative Present Value of Future Share Price Analysis of Delphi, the Proxy Statement fails to disclose: (i) Goldman's basis for applying NTM EV/EBITDA of 4.0x to 5.5x; (ii) Delphi's forecasted net debt, book value of minority interests, and investments in affiliates; (iii) the projected year-end fully diluted outstanding Company shares; and (iv) the individual inputs and assumptions underlying the discount rate of 8.6%.

45. With respect to Goldman's Premia Analysis, the Proxy Statement fails to disclose: (i) the transactions observed by Goldman; and (ii) the premiums paid in the transactions.

46. With respect to Goldman's Illustrative Discounted Cash Flow Analysis of BorgWarner, the Proxy Statement fails to disclose: (i) the estimates of unlevered free cash flow for BorgWarner for the years 2020 through 2023 and all underlying line items; (ii) the individual

inputs and assumptions underlying the discount rates ranging from 6.25% to 7.25%; (iii) Goldman's basis for applying an illustrative terminal value to EBITDA multiple range of 5.0x to 6.5x; (iv) the terminal values for BorgWarner; (v) the net debt, book value of minority interests, post-tax unfunded pension liabilities, and investments in affiliates for BorgWarner; and (vi) the number of fully diluted outstanding BorgWarner shares.

47. With respect to Goldman's Illustrative Present Value of Future Share Price Analysis of BorgWarner, the Proxy Statement fails to disclose: (i) BorgWarner's forecasts for 2020 to 2023; (ii) Goldman's basis for applying NTM EV/EBITDA multiples of 5.0x to 6.5x; (iii) BorgWarner's forecasted net debt, book value of minority interests, and investments in affiliates; (iv) the projected year-end fully diluted outstanding BorgWarner shares; (v) the cumulative dividends per BorgWarner share expected to be paid to BorgWarner stockholders; and (vi) the individual inputs and assumptions underlying the discount rate of 8.4%.

48. With respect to Goldman's Illustrative Discounted Cash Flow Analysis of the combined company, the Proxy Statement fails to disclose: (i) the estimates of unlevered free cash flow for the combined company for the years 2020 through 2023 and all underlying line items; (ii) the individual inputs and assumptions underlying the discount rates ranging from 6.25% to 7.25%; (iii) the terminal values for the combined company; (iv) Goldman's basis for applying an illustrative terminal value to EBITDA multiple range of 5.0x to 6.5x; (v) the net debt, book value of minority interests, post-tax unfunded pension liabilities, and investments in affiliates for the combined company; and (vi) the number of fully diluted outstanding BorgWarner shares following the Proposed Transaction.

49. With respect to Goldman's Illustrative Present Value of Future Share Price Analysis of the combined company, the Proxy Statement fails to disclose: (i) the combined

8

company's forecasts for 2020 to 2023; (ii) Goldman's basis for applying NTM EV/EBITDA multiples of 5.0x to 6.5x; (iii) the combined company's forecasted net debt, book value of minority interests, and investments in affiliates; (iv) the projected year-end fully diluted outstanding shares of the combined company's common stock; (v) the cumulative dividends per share of the combined company's common stock expected to be paid to the combined company's shareholders; and (vi) the individual inputs and assumptions underlying the discount rate of 8.4%.

50. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

51. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Transaction; (ii) Recommendation of the Board and Reasons for the Transaction; (iii) Opinion of Goldman Sachs; and (iv) Delphi Technologies Unaudited Prospective Financial Information.

52. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Delphi Technologies

53. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Delphi Technologies is liable as

the issuer of these statements.

55. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

56. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

57. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

58. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

59. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

60. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and BorgWarner

61. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62. The Individual Defendants and BorgWarner acted as controlling persons of Delphi within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Delphi and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

63. Each of the Individual Defendants and BorgWarner was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

64. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

65. By virtue of the foregoing, the Individual Defendants and BorgWarner violated Section 20(a) of the 1934 Act.

66. As set forth above, the Individual Defendants and BorgWarner had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 18, 2020                    **RIGRODSKY & LONG, P.A.**

                                         By: */s/ Gina M. Serra*
                                             Brian D. Long (#4347)
**OF COUNSEL:**                              Gina M. Serra (#5387)
                                             300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**                             Wilmington, DE 19801
Richard A. Maniskas                          Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300              Facsimile: (302) 654-7530
Berwyn, PA 19312                             Email: bdl@rl-legal.com
Telephone: (484) 324-6800                    Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com                       *Attorneys for Plaintiff*